# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DURSO, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>HIG GROUP INC. DBA HIG INSURANCE<br><br>                Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Durso ("Plaintiff") by his undersigned counsel, for this class action complaint against HIG Group Inc. d/b/a HIG Insurance ("HIG Group" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff, individually and as class representatives for all others similarly situated, brings this action against HIG Group for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. Plaintiff John Durso is an individual residing in this District.

6. Defendant HIG Group Inc. d/b/a HIG Insurance is a Florida corporation.

## III. JURISDICTION AND VENUE

7. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

8. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over HIG Group because a substantial part of the wrongful acts alleged in this Complaint were by making calls to the Plaintiff into and received in this District.

9. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims occurred into this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

15.     HIG Group offers insurance services.

16.     One of HIG Group's strategies for marketing its services and generating new customers is telemarketing.

17.     Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

18.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Plaintiff's telephone number, (412)-XXX-7358, has been on the National Do Not Call Registry since 2023.

20.     The number is used for personal purposes and residential.

21.     Despite this, the Plaintiff received at least three calls from the Defendant, including on September 18 and 19, 2023.

22.     At least two of the calls were text messages:



23. The Plaintiff also received a telemarketing call on September 19, 2023 that also offered the Defendant's insurance services that were offered in the text messages.

24. The Plaintiff did not provide his prior express written consent to HIG Group to receive the calls.

25. The Plaintiff had never previously made a purchase from the Defendant.

26. Plaintiff and all members of the Class, defined below, have been harmed by the acts of HIG Group because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI.  CLASS ACTION ALLEGATIONS

27. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

28. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. The Class, as defined above, is identifiable through telephone records and telephone number databases.

30. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

31. Individual joinder of these persons is impracticable.

32. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

33. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

34. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

35. This class action complaint seeks injunctive relief and money damages.

36. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. Plaintiff's claims are typical of the claims of the Class.

38. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

39. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

42. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone

solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

43. Plaintiff repeats his prior allegations of this Complaint and incorporates them by reference herein.

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

45. Defendant's violations were negligent, willful, or knowing.

46. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

47. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  Certification of the proposed Class;

B.  Appointment of Plaintiff as representative of the Class;

C.  Appointment of the undersigned counsel as counsel for the Class;

D.  A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E.  An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.  An award to Plaintiff and the Class of damages, as allowed by law; and

G.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VII. DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 17th day of April, 2024.

PLAINTIFF,
By his attorneys

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Subject to Pro Hac Vice*